† TOLEDO (CITY) v. WILHELMINA CLOPECK.

1. VERDICT OF $1,000 FOR SERIOUS AND PERMANENT INJURIES NOT EXCESSIVE.

A verdict of $1,000 in a case where the testimony clearly shows that the plaintiff, a woman, received injuries from a defective sidewalk, which are serious and permanent, including a torn ligament of the womb, is inadequate rather than excessive.

2. CHARGE THAT MONEY CANNOT COMPENSATE FOR LOSS OF HEALTH NOT ERRONEOUS, WHEN.

A charge that "money cannot compensate fully for the loss of health but that it is the only compensation the law can give to a person injured by the fault of another" followed by instructions that "it would not be proper for you to say and consider and go upon this principle that no money can compensate and therefore we are safe in giving everything that is asked. Look at it fairly and reasonably and say what in good conscience, justice and right ought to be given under all the circumstances" which resulted in the verdict above referred to, cannot be said to have lead the jury into extreme measures.

ERROR to the Court of Common Pleas of Lucas county.

HAYNES, J.

This case is briefly this: The plaintiff below, Wilhelmina Clopeck, was passing along on Locus street, near the corner of Everett, in the city of Toledo, in company with two other persons, and while so passing along, having an infant in her arms, and being immediately behind the other persons, one of them stepped upon a plank in the sidewalk which was loose, throwing up the plank, and it caught her and threw her to the ground, and she was very seriously injured.

There is not much question made before us but what the verdict was properly found in favor of the plaintiff. The great objection is, that the damages are excessive. There is also some slight objection to the charge of the court.

The truth with regard to the sidewalk was that according to the evidence it had for a considerable distance been in a very unsafe condition the stringers had become very much decayed, and what little nailing there was in the sidewalk had come out, and it was in a very loose and rickety condition. The court was asked to charge certain matters with regard to that, and the court did charge concerning it, and the charge in that regard, it seems to us, was very favorable to the city.

---

† The judgment in this case was affirmed by the Supreme Court, without report, 52 O. S., 642. Minshall and Burket, JJ., dissented.

City of Toledo v. Clopeck.

The contention with regard to the injury is that the woman received injuries, either by the effects of the plank that struck her when she fell, wrenching her shoulder, and she is suffering from a torn ligament in the region of the womb—perhaps in the womb itself.  She certainly shows by the testimony of other witnesses than herself that she has suffered from the effects of the fall, and that she is permanently and seriously injured.  The jury returned a verdict of $1,000.  This is said to be very high, and very unjust, and one of the largest returned against the city —the largest one being to a boy who lost both legs.  After reading the testimony we are very well satisfied to permit the verdict to remain as it is, and not disturb it.  We are inclined to think, if there is any fault at all, it is too small rather than too large, taking the condition of the woman as it appears from the record here.

The complaint with regard to the charge is that it does not properly state the rule of damages, and that it leaves the matter too loose and indefinite for the jury to pass upon ; that the court refused to give certain charges that were requested.  The charges that were requested are not in the record ; probably some oversight about the matter.  We have examined the record and the charge, and we find no request to charge except those that are incorporated in the charge itself, which were given by the court at the defendant's request.  The part objected to more particularly is this :

" If you find that the plaintiff has a right to recover on the ground I have already laid out to you, if you find that the plaintiff has a right to a verdict against the city for this injury, then consider the amount. She has a right to recover ; of course, you understand these injuries alone of health, things of that kind, cannot be compensated in money fully, but that is the only compensation the law can give for a person if injured by the fault of another."

They object to the court stating that the injuries cannot be compensated by money fully.  The court then proceeded to state—

" The injured person has a right to require the person causing the injury wrongfully to make compensation for the injury, and this compensation, as I have already said to you, in law can only be a money compensation.  As has been said, it cannot compensate for the loss of health, perhaps cannot compensate for pain and things of that kind, but as far as is reasonable and proper the jury may go in compensating for those things as far as money will.  It would not be proper for you to say and consider and go upon this principle that no money can compensate and therefore we are safe in giving everything that is asked.  Look at it fairly and reasonably, and say what in good conscience, justice and right ought to be given all circumstances.  She can recover for the hurt, for the pain she has suffered, the loss of her health since the injury up to this time and recover compensation such as you think proper for a weakness, sickness, bodily infirmity and loss of health, that she is suffering from now or may hereafter suffer from or still suffers from on account of this injury."

Quite a number of authorities have been cited.  We have examined them with regard to the statements made by courts with reference to verdicts that have been supposed to have been too large, and have been found to have been too large.  It seems to us that this charge is not open to the objection suggested by counsel for the city.  He states what is well known, that money can't compensate for a loss of health.  That is

9  O. C. D  28

a general proposition, of course, that can't be overlooked; but he has charged them to pursue a conservative course—to deal justly and rightly between the parties. He has charged them that that statement does not allow them to give whatever is asked, or whatever is claimed. He confines it, we think, within proper limits. The charge, of course, might have been more full, and might have stated it in different form, but the substance of the charge was fair enough to the city. We think the jury were not misled by any charge of the court into any extreme measures with regard to the amount they should give the plaintiff, and the finding, as we have already stated, is moderate enough.

We shall therefore affirm the verdict and judgment of the court, but without penalty.

*C. F. Watts*, City Solicitor, and *W. H. A. Read*, for the city.
*Andrew Farquharson*, for Mrs. Clopeck.